# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**KIMBERLY FRANKLIN**                                  **CIVIL ACTION**

**VERSUS**                                             **NO: 09-3476-MVL-SS**

**OCHSNER KENNER REGIONAL**
**MEDICAL CENTER**

## REPORT AND RECOMMENDATION

For the reasons described below, it is recommended that the complaint of the plaintiff, Kimberly Franklin ("Franklin"), be dismissed without prejudice.

## BACKGROUND

On May 8, 2009, Franklin filed a complaint, pursuant to 42 U.S.C. §2000e (Title VII), for employment discrimination based on her race, African-American. Rec. doc. 1. She was granted leave to proceed *in forma pauperis*. Rec. doc. 3. The complaint was filed by her counsel, Courtney Wilson. A summons was issued for the defendant, Ochsner Kenner Regional Medical Center ("Ochsner Kenner"). Rec. doc. 4.

On August 14, 2009, Wilson's motion to withdraw as her counsel was granted. Franklin was ordered to file evidence in the record that the summons and complaint were served on Ochsner Kenner by September 16, 2009. She was notified of the deadline under Fed. R. Civ. P. 4(m) for service of the complaint. She was cautioned that if she did not comply with the order, her complaint may be dismissed without prejudice. Rec. doc. 6.

On September 16, 2009, Franklin telephoned and requested additional time. Her request was granted. She was again notified of the need to comply with Rule 4(m). She was ordered to file

evidence in the record by October 7, 2009 that the complaint and summons were served on Ochsner Kenner. If she was unable to comply with this order, she was instructed to telephone the undersigned. She was notified that if she failed to comply with the order, her complaint would be dismissed without prejudice. Rec. doc. 7.

There is no evidence that Ochsner Kenner was served. Franklin did not comply with the September 17, 2009 order. She did not telephone with an explanation for her failure to comply with the order.

ANALYSIS

The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, (1962). Fed. R. Civ. P. 41(b) provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the Court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). Such a dismissal is considered to be an adjudication on the merits. Hughes v. City of Houston, 78F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139.

In applying the sanction of dismissal, courts traditionally consider the extent to which the plaintiff, rather than her counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). For part of the period at issue, Franklin was represented by counsel. There was sufficient time for Mr. Wilson to have Ochsner Kenner served before

withdrawing as counsel for Franklin.  Since August 14, 2009, Franklin has appeared in proper person.  She received the August 14, 2009 order with its September 16, 2009 deadline, because she telephoned on September 16 to report that she needed more time.  Her request was granted.  An order with the new deadline was sent to her.  There has been no further communication from Franklin.

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.  Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).  A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.  At this juncture Franklin is solely responsible for her failure to comply with the orders of the court.

In Ford v. Sharp, 758 F.2d 1018 (5th Cir. 1985), the Fifth Circuit described aggravating factors to be examined in considering an involuntary dismissal with prejudice.  These factors include the extent to which the plaintiff as distinguished from counsel is personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.  The first of these has already been considered.  Ochsner Kenner has not been prejudiced because it has not been served.  Franklin's failure to comply with the second order is intentional.

The Federal Rules of Civil Procedure provide:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or upon its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant. . . .

Fed. R. Civ. P. 4(m).  Franklin has had more than 150 days to serve Ochsner Kenner.  If the complaint is dismissed without prejudice, it will be time-barred.  In such circumstances, a dismissal

without prejudice, pursuant to Rule 4(m), is not an abuse of discretion.  <u>Winters v. Teledyne Movible Offshore, Inc.</u>, 776 F.2d 1304 (5th Cir. 1985), <u>McDonald v. United States</u>, 898 F.2d 466 (5th Cir. 1990), <u>Traina v. United States</u>, 911 F.2d 1155 (5th Cir. 1990), and <u>Peters v. United States</u>, 9 F.3d 344 (5th Cir. 1993).  In addition, Franklin's failure to comply with the September 17, 2009 order demonstrates a clear record of delay and contumacious conduct.

<u>RECOMMENDATION</u>

IT IS RECOMMENDED that Franklin's complaint be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and for failure to comply with Fed. R. Civ. P. 4(m).

<u>OBJECTIONS</u>

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of October, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**